## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ROBERT LETSKUS, JR.** | ) | CIVIL ACTION NO. |
| | ) | 3:20-cv-01893-CSH |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **AMENDED COMPLAINT** |
| | ) | **PURSUANT TO F.R.C.P. 15** |
| **KVC GROUP, LLC d/b/a NATIONAL** | ) | |
| **CREDIT PARTNERS, PRIME LEGAL** | ) | |
| **FIRM, DENISE HO and KIM VO,** | ) | |
| | ) | |
| **Defendants.** | ) | **JANUARY 13, 2021** |

### PARTIES

1. The Plaintiff Robert Letskus, Jr. ("Mr. Letskus"), is a resident of Connecticut and the owner of RPL Real Estate, LLC ("RPL"), which is also a Connecticut company, located at 32 Hathaway Lane, Madison, Connecticut 06443.

2. Defendant KVC Group, LLC d/b/a National Credit Partners ("KVC"), is a California corporation conducting business nationwide. Its principal place of business is 1551 N. Tustin Ave, Suite 550, Santa Ana, California 92705. The registered agent is Kurtis Urien, at the same address.

3. Prime Legal Firm ("Prime Legal") is a law firm whose principal place of business is 1100 West Town and Country Road, Suite 1250, Orange. California 92858. The registered agent is Denise Ho, at the same address.

4. Denise Ho ("Ms. Ho") is a licensed attorney in California who resides in California and, upon information and belief, works for Prime Legal.

5. Kim Vo ("Ms. Vo") is, upon information and belief, the owner of KVC and a resident of California.

### JURISDICTION AND VENUE

6. The Court has "federal question" jurisdiction over this case pursuant to 18 U.S.C. §§1961-1968 (the federal RICO statute).

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C.

§1332(a), which provides in relevant part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."  Moreover, pursuant to 28 U.S.C. §1332(a), complete diversity exists.

8. The Court also has jurisdiction over Defendants pursuant to Connecticut's Long Arm Statute, as codified in Conn. Gen. Stat. §52-59b.

9. Venue lies with this Court pursuant to 28 U.S.C. §1391(b)(2).

**THE DEFENDANTS' SCHEME TO DEFRAUD MR. LETSKUS, NATIONWIDE CONSUMERS AND CONNECTICUT CONSUMERS**

KVC is a debt relief company operating nationwide.  They advertise they can do great things for businesses who are in severe financial distress.  Their agents hire individuals and owners to sign contracts with KVC under the express representation that there is no personal guaranty by them and that they cannot be sued personally in case the company defaults on payments.  KVC then has them sign adhesion contracts which contain no personal guaranty claim.  The contracts also state that any claims or disputes will be arbitrated in the county and state where the business is located.

KVC undertakes representation of the company named in the contract and attempts to lower payment amounts on the company's debts by extending the terms of the loans.  KVC also collects upfront fees from the company *before* they begin negotiating with the debt companies, despite representations that insist that there is no up-front out of pocket fees for the program.  They are often remarkably unsuccessful in their efforts, yet demand that exorbitant fees be paid immediately.  If the client is unable to pay, KVC files litigation in California against both the business and the individual owner, despite the promise of no personal guaranty and the fact that the individual is not a signatory to any agreement.  Although the naming of individuals is patently in bad faith and frivolous, KVC refuses to dismiss the individual who gave no personal guarantee to KVC.  This forces the individual to spend thousands of dollars to get the frivolous and vexatious litigation against them dismissed.

This exact scheme to defraud is being, and has been, perpetrated on Mr. Letskus, and is being perpetrated nationwide against businesses, consumers, and guarantors.  These illegal schemes give rise to a number of causes of actions by Mr. Letskus, on his individual behalf.  These illegal schemes also give rise to violations of statutes which Mr. Letskus is pursuing to

protect society as de facto "private attorney generals" including violations of the Connecticut Unfair Trade Practices Act (CUTPA) and civil provisions of the Federal RICO statute.

Hundreds and perhaps thousands of acts of mail fraud and wire fraud constituting crimes under 18 U.S.C. Sections 1341 and 1343 have and are being committed in furtherance of these schemes to defraud. These acts of mail and wire fraud constitute a "pattern of racketeering activity" pursuant to the RICO Act 18 U.S.C. Section 1961(5). Such illegal activities are being conducted by an "enterprise" which is ongoing, lightly organized, which has created a major threat for KVC to continue the aforementioned illegal activities. An investigation has revealed Defendants are perpetrating this fraud scam on a widespread basis. In one California court alone, at least 14 such frivolous lawsuits have been filed against different companies and individuals since February of this year.

## FACTUAL ALLEGATIONS

10. On or about January 16, 2019, Mr. Letskus spoke to Dan Hakim ("Mr. Hakim") of KVC about assistance in lowering payments on the existing debts of RPL.

11. Mr. Hakim expressly represented that the contract would be with RPL only and that there would be no personal guaranty by Mr. Letskus, and that he could not and would not be personally sued in the event the company defaulted.

12. Former employee of KVC, Justin Smith, also stated that in the event of a dispute it would be litigated in the county where RPL is located, which is in Connecticut.

13. KVC produced a contract (the "Contract") which Letskus signed on behalf of RPL on January 18, 2019. The Contract was signed by Ms. Vo, on KVC's behalf. A true and correct copy of the contract is attached as **Exhibit 1**.

14. The Contract contained no personal guaranty and stated that any dispute would be arbitrated in the county of RPL's business location in Connecticut.

15. Page 3 of the January 18, 2019 Contract makes it clear that the only parties to the Contract were RPL and KVC.

16. A dispute arose between RPL and KVC in the spring and summer of 2019. In particular, Mr. Letskus became aware that the payments being sent to KVC were not being sent to lenders on time, which caused substantial damage to RPL's credit reports. Moreover, KVC's

monthly payments began to substantially exceed amounts due to one remaining lender after other lenders were paid in full.

17. On June 14, 2019, KVC demanded arbitration with RPL Real Estate *only*. Mr. Letskus was not a named respondent, as well he should not have been considering the lack of personal guaranty or individual liability pursuant to the Contract.

18. A Preliminary Hearing and Scheduling Order was entered by the arbitrator on October 11, 2019, in the case of *KVC Group, LLC d/b/a National Credit Partners v. RPL Real Estate, LLC*. The Order did not include Mr. Letskus because he was not a party to the proceeding.

19. An arbitration hearing was held on the matter absent the attendance of RPL or Mr. Letskus. On January 2, 2020, an arbitrator's award was entered in favor of RPL *only* in the amount of $25,071.20, plus arbitrator-related fees.

20. On February 4, 2020, KVC filed a Petition to Confirm the arbitration award in the Superior Court of California, County of Orange, Central Justice Center located at 700 Civic Center Drive West. Santa Ana, California 92701 and was entitled *KVC Group LLC, d/b/a National Credit Partners v. RPL Real Estate, LLC and Robert Letskus, Jr.* (the "California Litigation"). KVC filed against both RPL (a party to the contract and arbitration proceeding) and Mr. Letskus (a non-party to the contract and arbitration proceeding). The only cause of action brought by KVC was for breach of contract and was therefore frivolous and vexatious as to non-party, Mr. Letskus.

21. On June 16, 2020, Attorney Dennis Graff ("Mr. Graff"), on behalf of RPL and Mr. Letskus, sent a letter to KVC's attorney, Ms. Ho (of Prime Legal), advising her he had no objection to stipulating to the judgment against RPL and pointing out that Mr. Letskus should be dismissed from the California Litigation since he was not a party to the arbitration.

22. On August 7, 2020, a hearing was held on KVC's Petition to Confirm its Arbitration Award in the California Litigation. After the hearing, the Court summarily dismissed Mr. Letskus, specifically stating: ***"Although Robert Letskus, Jr. has been named as a Respondent in this matter, he was not identified as a party to the arbitration in that award at issue, and no other basis for having named him as a Respondent under CCP §1287.2***."

23. Ms. Ho drafted the judgment which dismissed the case as to Mr. Letskus

24. The cost to Mr. Letskus of defending this vexatious litigation by KVC and Prime Legal Firm is in excess of $30,000.

25. Mr. Graff, concerned that this fraud scam might be perpetrated on a widespread basis, investigated, and found that KVC and Prime Legal had filed 14 exactly similar lawsuits in Orange County Superior Court alone from February of this year.

26. Mr. Graff examined all 14 lawsuits in detail and found that in each and every case that KVC had a contract with filed lawsuits against both the company and the individuals, despite the fact that there was no personal guaranty in each case.

27. Mr. Letskus and his counsel spoke to a number of victims of Defendants fraud scam around the county who complained that they were being sued personally, although they never personally guaranteed the company debt in the contract.

28. Upon information and belief, there are scores and perhaps hundreds of victims of this ongoing scam who are being ripped off for millions of dollars, having their credit and representations destroyed, and being forced to spend huge amounts of money to defend patently vexatious litigation.

29. At all times relevant the Defendants have acted in concert and are individually and vicariously liable for the acts of the others as employees, employers, agents, co-conspirators, independent contractors, and other relationships creating joint and several liability for the acts of each one and all Co-defendants.

30. Discovery is only beginning in this matter and Mr. Letskus anticipates adding additional causes of actions and/or Defendants as discovery progresses and is completed.

## **COUNT I**
***(Fraud against All Defendants)***

31. Mr. Letskus repleads and realleges the allegations set forth in Paragraphs 1-30 herein.

32. Defendants made multiple false statements of fact to Mr. Letskus to induce him to enter into the Contract as specifically alleged in Paragraph 11-16 herein.

33. The statements were known to be untrue when made by Defendants.

34. The statements were made with the specific intent to induce Mr. Letskus to act upon them.

35. Mr. Letskus in fact relied upon and acted upon the false representations of fact to his injury.

## COUNT II
### *(Violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110a, et seq. against All Defendants)*

36. Mr. Letskus repleads and realleges the allegations set forth in Paragraphs 1-30 herein.

37. The actions of the Defendants constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110a, et seq.

38. The actions of Defendants offend public policy as it has been established by statutes, the common law, or otherwise.

39. The actions of Defendants are immoral, unethical, oppressive, or unscrupulous.

40. The actions of Defendants have caused substantial injury to Mr. Letskus, other consumers, and competitors.

41. Upon information and belief, Defendants have engaged in a pattern and practice of similar violations against other consumers and competitors.

## COUNT III
### *(Negligent Misrepresentation against All Defendants)*

42. Mr. Letskus repleads and realleges the allegations set forth in Paragraphs 1-30 herein.

43. Defendants made false statements and supplied false information to Mr. Letskus.

44. Defendants failed to exercise reasonable care in communicating the information.

45. Defendants supplied the misinformation to Mr. Letskus to get him to act on it.

46. Mr. Letskus justifiably relied on the information to his injury.

## COUNT IV
### (*Civil RICO Violations against All Defendants*)

47. Mr. Letskus repleads and realleges the allegations set forth in Paragraphs 1-30 herein.

48. Defendants are "persons" as defined by the Federal RICO statute, Section 1961(a)(3).

49. Defendants constitute an "enterprise" as defined by the Federal RICO statute, Section 1961(a)(4).

50. The "enterprise" consisting of all Defendants have engaged in multiple acts of mail fraud and wire fraud in violation of 18 U.S.C. Sections 1341 and 1343 constituting a "pattern of racketeering" as defined by 18 U.S.C. Section 1961(a)(1) and 1961(a)(3).

51. The "pattern of racketeering" engaged in by the enterprise consisting of all Defendants constitute "Prohibited Activities" in violation of 18 U.S.C. Sections 1961(b), 1962(c), and 1962(d).  This pattern has been continuous as they have continued and appear that they will continue in the future.  Moreover, the acts taken by the Defendants are all related as they all include lawsuits filed against individuals who have not been signatories to any agreements.  The offending activities by the Defendants were done through interstate commerce as the negotiation of the Agreement took place between Mr. Letskus, who was, and is, in Connecticut, and the Defendants, who was, and are, in California.

52. The illegal activities of the enterprise have actually and proximately caused severe damage to Mr. Letskus entitling him to the civil remedies set forth in 18 U.S.C. Section 1964.

## COUNT V
### (*Vexatious Litigation against All Defendants*)

53. Mr. Letskus repleads and realleges the allegations set forth in Paragraphs 1-30 herein.

54. Prime Legal filed the California Litigation without probable cause against Mr. Letskus personally.

55. Prime Legal maliciously filed the California Litigation with malicious intent.

56. The California Litigation terminated in Mr. Letskus' favor.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Letskus prays for the following relief:

1. All actual, compensatory, and incidental damages;
2. Attorneys' fees pursuant to Conn. Gen. Stat. §42-110, et seq.;
3. Punitive damages;
4. Statutory damages;
5. Treble damages pursuant to Conn. Gen. Stat. §42-110, et seq.;
6. Treble damages, reasonable attorneys' fees, and costs of suit pursuant to 18 U.S.C. 1964(c);
7. Prejudgment and post-judgment interest;
8. Temporary and Permanent Injunctive Relief against all Defendants pursuant to 18 U.S.C 1964(a) including but not limited to the following:

    a) An order directing all Defendants to divest their fees of any interest, direct or indirect in the enterprise;

    b) An order prohibiting any Defendants from engaging in the same types of fraudulent endeavors in the future as such activities affect interstate or foreign commerce;

    c) An order dissolving KVC as an enterprise;

9. Any other orders this court deems just and appropriate.

Dated: Fairfield, Connecticut  
January 13, 2021

PLAINTIFF: ROBERT LETSKUS, JR.

By: */s/ Michael A. Zamat*  
Michael A. Zamat, Esq. (ct28101)  
**PETERSON ZAMAT, LLC**  
1275 Post Rd., Suite 200-D  
Fairfield, CT 06824  
Telephone: 203.292.9798  
Facsimile: 203.774.1155  
Michael@petersonzamat.com