UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT LETSKUS, JR., <br> *Plaintiff*, | ) <br> ) <br> ) | 3:20-CV-1893 (SVN) |
| v. | ) <br> ) | |
| KVC GROUP, LLC d/b/a NATIONAL CREDIT PARTNERS, PRIME LEGAL FIRM, DENISE HO, and KIM VO, <br> *Defendants*. | ) <br> ) <br> ) <br> ) | July 6, 2022 |

### RULING AND ORDER ON DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT OR TRANSFER VENUE

Sarala V. Nagala, United States District Judge.

Plaintiff Robert Letskus, Jr. has brought this action against Defendants KVC Group, LLC d/b/a National Credit Partners ("KVC"), Prime Legal Firm ("Prime Legal"), Kim Vo, and Attorney Denise Ho, alleging that KVC fraudulently induced Plaintiff to enter into a debt relief contract on behalf of his company and that all Defendants thereafter maliciously sued Plaintiff to enforce an arbitration award related to the contract. The Second Amended Complaint ("SAC") consists of five claims: (1) fraud; (2) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*; (3) negligent misrepresentation; (4) violation of the civil Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961 *et seq.*; and (5) vexatious litigation.

Defendants seek to dismiss Plaintiff's action, claiming that the Court lacks subject matter jurisdiction, that venue is improper in this district, and that Plaintiff has failed to state a claim upon which relief may be granted. Defendants also seek, in the alternative, transfer of this action to the Central District of California, Santa Ana Division. Plaintiff opposes both dismissal and transfer, contending that venue is proper in this district and that the SAC adequately alleges claims for

fraud, violation of CUTPA, negligent misrepresentation, and vexatious litigation. Plaintiff has withdrawn his civil RICO claim. *See* ECF No. 27 at 8.

For the reasons described below, the Court agrees with Defendants that venue is improper in this district. However, because transfer is in the interest of justice, the Court will transfer this case to the Central District of California. Accordingly, Defendants' motion to dismiss or transfer venue is GRANTED IN PART. The Court does not reach Defendants' other arguments.

I.   FACTUAL BACKGROUND[1]

A. KVC's Alleged Scheme to Defraud Businesses, Consumers, and Guarantors

Plaintiff, a resident of Connecticut and the owner of RPL Real Estate, LLC ("RPL"), SAC ¶ 1, alleges that he was injured by KVC's nationwide "scheme to defraud" businesses, guarantors, and consumers, *id.* at 2–3. Plaintiff's claims relate to KVC's operation as a "debt relief company." *Id.* at 2. Specifically, Plaintiff alleges that KVC advertises that it can assist businesses experiencing severe financial distress and then defrauds the businesses, along with consumers and guarantors nationwide. *Id.*

According to Plaintiff, KVC perpetrates its "scheme to defraud" in the following manner. First, KVC's agents induce business owners to enter debt relief contracts on behalf of their companies. *Id.* KVC does so by representing that the owners are not guarantors and cannot be personally sued if their company defaults on payments. *Id.* Then, KVC attempts to decrease the

---

[1] On a motion to dismiss for improper venue under Rule 12(b)(3), a court generally accepts as true all factual allegations in the non-moving party's pleadings and views the facts in the light most favorable to the non-moving party. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007); *see also Vann v. Fischer*, No. 11 Civ.1958 (JPO), 2012 WL 2384428, at *4 (S.D.N.Y. June 21, 2012) ("The standard for a motion to dismiss for improper venue pursuant to Rule 12(b)(3) is similar to that of a 12(b)(2) motion to dismiss for lack of personal jurisdiction. The court accepts as true all factual allegations in the non-moving party's pleadings and draws all reasonable inferences in favor of the party opposing the motion."). A court may consider facts and documents outside the complaint in ruling on a Rule 12(b)(3) motion. *See Martinez v. Bloomberg LP*, 883 F. Supp. 2d 511, 513 (S.D.N.Y. 2012), *aff'd*, 740 F.3d 211 (2d Cir. 2014). Accordingly, the facts in this section, construed in Plaintiff's favor, are drawn from the SAC, the exhibit attached to Plaintiff's original complaint, ECF No. 1-1, and the materials attached to the parties' briefing, ECF Nos. 24-1, 24-2, 42-1, 42-2, 51-1.

companies' loan payments by increasing the term lengths of the loans. *Id.* Despite often being "remarkably unsuccessful in [its] efforts," KVC demands exorbitant fees from the companies. *Id.* If a company cannot pay, KVC files litigation in California against both the company and its owner, despite promising that there was no personal guarantee in the contract and even though the owner is not a party to any agreement with KVC. *Id.*

Plaintiff asserts that the naming of individual owners in the California lawsuits is "patently in bad faith and frivolous," yet KVC refuses to dismiss the owners from the lawsuits. *Id.* The owners must then spend thousands of dollars to have the frivolous suits against them dismissed. *Id.* Plaintiff contends that KVC's "illegal schemes . . . give rise to violations of statutes," which he is "pursuing to protect society as [a] 'private attorney general[].'" *Id.* at 2–3. Plaintiff further alleges that "[h]undreds and perhaps thousands of acts of mail fraud and wire fraud" have been and are being committed in furtherance of KVC's scheme to defraud. *Id.* at 3.

B. <u>Allegations Specific to Plaintiff's Injury</u>

Plaintiff alleges that his interactions with KVC, and the subsequent litigation Defendants initiated against him, occurred as follows. In January of 2019, Plaintiff spoke with Dan Hakim, a representative of KVC, about entering a contract to decrease payments on RPL's existing debts. *Id.* ¶ 10. Hakim represented that only RPL would be a party to the contract with KVC and that Plaintiff would not be a personal guarantor. *Id.* ¶ 11. Justin Smith, a former employee of KVC, also told Plaintiff that any disputes regarding the contract would be litigated in the Connecticut county in which RPL is located. *Id.* ¶ 12. KVC subsequently produced a contract, which Plaintiff signed on behalf of RPL on January 18, 2019. *Id.* ¶ 13. According to Plaintiff, the contract contained no personal guarantee, stated that any dispute would be arbitrated in Connecticut, and made clear that the only parties to the contract were RPL and KVC. *Id.* ¶¶ 14–15.

A dispute arose in the spring and summer of 2019, after Plaintiff became aware that payments were not being sent to lenders on time, which caused substantial damage to RPL's credit reports. *Id.* ¶ 16. In addition, RPL's monthly payments to KVC substantially exceeded the amounts due on RPL's loans. *Id.* In June of 2019, KVC demanded arbitration with RPL, and, in January of 2020, an arbitrator's award was entered in favor of KVC.[2] *Id.* ¶¶ 17–18. Then, in February of 2020, KVC filed a state court petition in Orange County, California to confirm the arbitration award, naming both RPL and Plaintiff. *Id.* ¶ 20. Plaintiff contends that, because KVC's only cause of action in the arbitration was for breach of contract, the claims against him in the California suit were vexatious and frivolous. *Id.*

In June of 2020, an attorney representing Plaintiff and RPL sent a letter to Attorney Ho, who was representing KVC as an attorney for Prime Legal. *Id.* ¶ 21. In the letter, Plaintiff's attorney asserted that Plaintiff should be dismissed from the California lawsuit because he was not a party to the arbitration. *Id.* In August of 2020, after a hearing on KVC's petition, a California court dismissed Plaintiff from the California suit. *Id.* ¶ 22. According to Plaintiff, defending the California litigation cost him more than $30,000. *Id.* ¶ 24. Plaintiff further contends that KVC has filed fourteen similar lawsuits against owners of unrelated companies in Orange County Superior Court. *Id.* ¶¶ 25–26.

## II.   PROCEDURAL HISTORY

Plaintiff commenced this action by filing his original complaint in this Court in December of 2020. ECF No. 1. He subsequently filed a first amended complaint as of right and then,

---

[2] Although the SAC indicates that the arbitration award was entered in favor of RPL, SAC ¶ 19, Defendants' briefing states that the award was issued in favor of KVC, *see* ECF No. 24 at 2. Whether the award was entered in favor of RPL or KVC does not affect the Court's decision on Defendants' motion. However, as discussed below, the SAC further alleges that Defendants initiated litigation against Plaintiff and RPL in California to enforce the arbitration award. Thus, for the sequence of events alleged in the SAC to make logical sense, the Court will assume that the arbitration award was entered in favor of KVC and that the allegation indicating that the award was entered in favor of RPL was Plaintiff's drafting error.

4

following Defendants' filing of a motion to dismiss, filed the SAC, ECF No. 22.  After oral argument on the pending motion to dismiss, the Court ordered the parties to submit supplemental briefing addressing various issues, including whether the Court retains subject matter jurisdiction over this action in light of Plaintiff's withdrawal of his federal civil RICO claim and whether venue in this Court is proper under 28 U.S.C. § 1391(b)(2).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move for dismissal based on improper venue.  The question of whether venue is improper is generally governed by 28 U.S.C. § 1391.  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013).  Section 1391(b) provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* § 1391(b)(1)–(3).

When a defendant moves for dismissal pursuant to Rule 12(b)(3), the plaintiff has the burden of showing that venue in the forum district is proper.  *MacCallum v. N.Y. Yankees P'ship*, 392 F. Supp. 2d 259, 262 (D. Conn. 2005).  In assessing whether venue is proper, the court uses the same legal standard utilized for a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2).  *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005).  Specifically, if the court chooses to rely on pleadings and affidavits, the plaintiff need only make a *prima facie* showing of

venue. *Id.* Thus, prior to discovery, a plaintiff may defeat a motion to dismiss for improper venue "by pleading in good faith, legally sufficient allegations" of venue. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (per curiam).

A *prima facie* case requires "non-conclusory fact-specific allegations or evidence" demonstrating that venue is proper. *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015) (summary order) (italicization added) (addressing *prima facie* standard in the context of personal jurisdiction). A plaintiff can make a *prima facie* showing of venue through affidavits and other supporting materials. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). In assessing whether the plaintiff has established his *prima facie* case, the Court must "view all the facts in a light most favorable to plaintiff." *Phillips*, 494 F.3d at 384.

Upon a determination that venue is improper, the Court shall dismiss the case, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Determination of whether transfer or dismissal is appropriate lies within the sound discretion of the district court. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

## IV. DISCUSSION[3]

### A. Venue Is Improper

Defendants advance two grounds for why venue is improper. First, Defendants argue that a forum selection clause in the debt relief contract between RPL and KVC dictates that this action must be litigated in Orange County, California. *See* ECF No. 24 at 4–9. Second, Defendants argue that venue is improper in this district pursuant to the federal venue statute, 28 U.S.C. § 1391. For the reasons below, the Court rejects Defendants' first argument, but accepts the second. Accordingly, the Court finds that venue is improper in this district.

At the outset, the Court rejects Defendants' argument that the forum selection clause in the debt relief contract between KVC and RPL makes venue improper in this district. That clause states: "Each of the Parties irrevocably submits to the jurisdiction of any state or federal court located in Orange County, California, over any action, suit or proceeding to enforce or defend any right under this Agreement or otherwise arising from any transaction existing in connection with this Agreement." ECF No. 1-1 at 11. The parties hotly dispute whether Plaintiff, as a non-signatory to the contract, is bound by this clause. But, regardless of whether the forum selection clause binds Plaintiff, the U.S. Supreme Court has explicitly rejected the argument that such a provision "may be enforced by a motion to dismiss under . . . Rule 12(b)(3)." *See Atl. Marine*

---

[3] Although the parties disagree about whether the Court has subject matter jurisdiction over this action, the Court need not address subject matter jurisdiction before analyzing whether venue is proper in this district, as "[j]urisdiction is vital only if the court proposes to issue a judgment on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007); *see also id.* at 425 ("[A] court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) . . . if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case."). Importantly, "[i]mproper venue is not the type of merits-based dismissal which the Supreme Court has cautioned cannot take place before a court has assured itself of subject matter jurisdiction." *Crotona 1967 Corp. v. Vidu Brother Corp.*, No. 09 CIV 10627, 2010 WL 5299866, at *1 n.1 (S.D.N.Y. Dec. 21, 2010); *see* Fed. R. Civ P. 41(b) (listing improper venue among non-merits-based grounds for dismissal). Accordingly, because the Court concludes that venue in the District of Connecticut is improper and that transfer to the Central District of California is in the interest of justice, it leaves the question of subject matter jurisdiction to the transferee district.

*Constr. Co.*, 571 U.S. at 52.  Rather, "[w]hether venue is . . . 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Id.* at 55.  Therefore, "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." *Id.*  As a result, the forum selection clause in the debt relief contract does not dictate the propriety of venue in this action, and the Court rejects Defendants' argument to the contrary.

      The Court finds, however, that venue is improper in the District of Connecticut under § 1391(b).  It is undisputed that neither § 1391(b)(1) nor (b)(3) apply here, as no Defendant resides in the District of Connecticut and there is another district in which this action could have been brought.  Plaintiff thus asserts that venue is proper pursuant to § 1391(b)(2), which allows a case to be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b)(2).  Although § 1391(b)(2) "does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred," *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005), the Court must "take seriously the adjective 'substantial,'" *Gulf Ins. Co.*, 417 F.3d at 357.  Therefore, when a plaintiff relies on § 1391(b)(2) to defeat a venue challenge, the Court should:  (1) "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims"; and (2) "determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether 'significant events or omissions material to those claims have occurred in the district in question.'"  *Daniel*, 428 F.3d at 432 (cleaned up).

Importantly, "'[s]ubstantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Id.* at 432–33. "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." *Id.* at 433.

Turning to the nature of Plaintiff's claims and the conduct or omissions giving rise to those claims, the Court agrees with Defendants that the requirements of § 1391(b)(2) are not met in this district. At their core, the claims in the SAC allege that KVC, a California company, misrepresented to Plaintiff that it would not attempt to hold him personally liable under the debt relief contract, and then, in conjunction with the other Defendants, sued Plaintiff in California. These claims do not allege any material Connecticut-based conduct or omissions.

Plaintiff advances several arguments for why venue is proper in this district. Specifically, Plaintiff claims that: he communicated with Hakim via telephone and computer from Connecticut; the debt relief contract was executed in Connecticut; he communicated regarding the California litigation from Connecticut; he was injured in Connecticut when he was served with the complaint for the California litigation; and he suffered further harm in Connecticut, where the California litigation had a substantial impact on his personal life and finances, including because he expended funds to defend against the litigation from his Connecticut bank account. These allegations and averments, which the Court assumes to be true for purposes of its venue analysis, do not establish that venue is proper in this district.

First, the Court must focus its venue analysis on Defendants', rather than Plaintiff's, conduct, and as a result, Plaintiff's arguments regarding where he was located during the events

9

giving rise to his claims do not provide a basis for venue. *See Innovate1 v. First Bridge Merchant Sols., LLC*, No. 3:19-cv-1123 (KAD), 2020 WL 4718970, at *6 n.7 ("[T]he Second Circuit has observed that the venue inquiry should focus on *the defendant's* relevant activities." (emphasis added) (citing *Daniel*, 428 F.3d at 432)). Defendants assert, and Plaintiff does not dispute, that KVC's agents communicated with Plaintiff only from California, and that KVC's agents did not otherwise enter Connecticut when KVC was contracting with RPL. *See* ECF No. 42 at 5. Therefore, Plaintiff's arguments that he received Defendants' alleged misrepresentations via telephone and computer in Connecticut and that he executed the debt relief contract in Connecticut are unpersuasive. *See Innovate1*, 2020 WL 4718970, at *5 (rejecting plaintiffs' argument that the "marketing" and "contracting" of the parties' agreement took place in Connecticut because "[e]ven though Plaintiffs were located in Connecticut throughout the solicitation, negotiation and execution of the [agreement], Defendants' conduct in this regard all would have occurred in California"); *Success Sys., Inc. v. Excentus Corp.*, 439 F. Supp. 3d 31, 58 (D. Conn. 2020) (finding venue improper, in part, because the Texas defendants' alleged over-the-phone communications, including misrepresentations, with the Connecticut plaintiffs occurred in Texas rather than Connecticut); *MAK Mktg., Inc. v. Kalapos*, 620 F. Supp. 2d 295, 310 (D. Conn. 2009) (noting that, in the context of a motion to transfer, misrepresentations and omissions are deemed to occur in the district where they were transmitted or withheld, not where they were received). Similarly, Plaintiff's presence in Connecticut when he communicated regarding the California litigation does not provide a basis for venue because such communications have nothing to do with the location of Defendants' conduct or omissions.

Likewise, Plaintiff's averments that he was injured in Connecticut, standing alone, do not provide a basis for venue in this district. As a court in this Circuit has observed, "[t]here is an

obvious potential for unbounded venue if the courts were to find venue regardless of where the acts occurred, based solely on the existence of economic harm felt in the district where the plaintiff resides or is headquartered." *Astor Holdings, Inc. v. Roski*, No. 01 CIV. 1905 (GEL), 2002 WL 72936, at *9 (S.D.N.Y. Jan. 17, 2002). Thus, "while the locus of the harm suffered is a factor to consider," venue generally cannot be based "on an economic-effects inquiry alone." *Id.* Accordingly, Plaintiff's assertions that he suffered harm to his personal life and finances in Connecticut do not provide a basis for venue in this district. *See Innovate1*, 2020 WL 4718970, at *6 (rejecting injury-based venue argument); *Syed v. Housel*, 106 F. Supp. 2d 397, 399 (D. Conn. 2000) (finding venue in this district improper despite plaintiffs' contention that their injuries resulting from a car accident were being experienced in Connecticut). Moreover, even assuming that Plaintiff was injured when he received notice of the allegations in the California litigation, the assertion that he was served with that litigation in Connecticut does not, on its own, provide a basis for venue. *See United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 753 (N.D. Cal. 2015) (noting that "the act of serving process is insufficient to constitute a 'substantial part'" of a malicious prosecution claim for venue purposes (citation omitted)).

For these reasons, Plaintiff has failed to meet his burden of establishing that venue is proper in this district pursuant to § 1391(b)(2).

### B. Transfer Is in the Interest of Justice

Having found that venue is improper in this district, the Court must next determine whether transfer or dismissal is appropriate. For the reasons below, the Court finds that transfer is in the interest of justice, and as a result, the Court will transfer this action to the Central District of California.

Pursuant to 28 U.S.C. § 1406(a), upon a finding that venue is improper, the Court shall dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In assessing whether transfer of an action is warranted, courts are guided by several factors, including: "(1) the convenience of witnesses; (2) the convenience of parties; (3) the location of relevant documents and the ease of access to those sources of proof; (4) the center of the operative events at issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice." *Bank of Am., N.A. v. Hensley Props., LP*, 495 F. Supp. 2d 435, 440 (S.D.N.Y. 2007). "Courts have broad discretion in evaluating these factors . . . , and notions of convenience and fairness are considered on a case-by-case basis." *Sepanski v. Janiking, Inc.*, 822 F. Supp. 2d 309, 318 (W.D.N.Y. 2011).

As an initial matter, the Court finds that this action could have been brought in the Central District of California; Plaintiff concedes this point, *see* ECF No. 27 at 5. Indeed, based on Plaintiff's undisputed allegations, all Defendants are residents of California and at least KVC resides in the Central District of California, where its principal place of business is located. *See* SAC ¶¶ 2–5. This makes venue in the Central District of California proper under § 1391(b)(1).

Additionally, transfer to the Central District of California is in the interest of justice. To begin, several of the events underlying Plaintiff's claims—including KVC's alleged misrepresentations and Defendants' litigation against Plaintiff—took place in California. Defendants also contend, and Plaintiff does not dispute, that necessary witnesses and evidence are located in California. Although the Court acknowledges that Plaintiff would be inconvenienced by litigating this action in California, this inconvenience arises from the nature of Plaintiff's claims

12

and his business dealings, through RPL, with a California entity. *See Innovate1*, 2020 WL 4718970, at *6 ("[A]lthough the Court recognizes that the Connecticut-based Plaintiffs may suffer inconveniences by litigating in California, such inconveniences arise out of Plaintiffs' choice to do business with a California-based company and the nature of Plaintiffs' claims." (citation omitted)). In addition, Plaintiff concedes that the use of e-discovery and videoconferencing would alleviate inconvenience that may arise from his having to litigate the case in California. ECF No. 27 at 5. Defendants would not be unduly prejudiced by litigating this suit in California because all Defendants are located in California and Defendants themselves sought transfer to the Central District pursuant to 28 U.S.C. § 1404 as an alternative to dismissal. With respect to Plaintiff's actions, there is nothing in the record to suggest that Plaintiff has not been diligent in pursuing his claim or in choosing the proper forum. *See Loos v. Mitcheltree*, No. 13-CV-69S, 2013 WL 3759957, at *3 (W.D.N.Y. July 15, 2013) (granting transfer after considering whether plaintiff had been diligent in pursuing her claim). Finally, the Court does not have reason to believe that the case is "clearly doomed," or a "sure loser" in the transferee district, such that judicial resources would be wasted by transfer. *Daniel*, 428 F.3d at 436 (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)).

In light of the foregoing, the Court finds that transfer of this action to the Central District of California is in the interest of justice.

V.     **CONCLUSION**

For the reasons described herein, Defendants' motion to dismiss or transfer venue is GRANTED IN PART pursuant to Federal Rule of Civil Procedure 12(b)(3).  The Clerk is directed to transfer this action to the Central District of California.  The Court leaves to the transferee district whether assignment of this case to the Santa Ana Division is appropriate.

**SO ORDERED** at Hartford, Connecticut, this 6th day of July, 2022.

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Sarala V. Nagala
　　　　　　　　　　　　　　　　　　　　　　　SARALA V. NAGALA
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE